**ZI QIANG PAN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–1370–ag.

United States Court of Appeals, Second Circuit.

Dec. 13, 2006.

Michael Brown, New York, NY, for Petitioner.

Richard B. Roper, United States Attorney, Northern District of Texas, Paul Yanowitch, Assistant United States Attorney, Northern District of Texas, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. THOMAS J. MESKILL and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Zi Qiang Pan, a native and citizen of China, seeks review of a February 2006 order of the BIA denying his motion to reopen immigration proceedings. *In re Zi Qiang Pan,* No. A77 316 771 (B.I.A. Feb. 28, 2006). In a previous decision not under review here, the BIA affirmed the IJ's denial of Pan's applications for asylum, withholding of removal, and CAT relief. *In re Zi Qiang Pan,* No. A77 316 771 (B.I.A. Aug. 30, 2005), *aff'g In re Zi Qiang Pan,* No. A77 316 771 (Immig. Ct. N.Y. City May 17, 2004). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam); *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of*

*Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

"A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005); *Norani v. Gonzales,* 451 F.3d 292, 294 & n. 3 (2d Cir.2006) (noting that the date on which the IJ closes the record is the date before which the evidence must be unavailable, undiscoverable, or unpresentable). Failure to offer such evidence is a proper ground on which the BIA may deny a motion to reopen, as is the movant's failure to establish a prima facie case for the underlying substantive relief sought. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). The BIA can also properly deny a motion to reopen where it determines that, even if petitioner were eligible for asylum, he or she would not be entitled to a discretionary grant of relief. *Id.* at 105, 108 S.Ct. 904. At the same time, the BIA has an obligation to consider the "record as a whole," and it may be an abuse of discretion to deny a motion to reopen without addressing "all the factors relevant to [a] petitioner's claim." *Ke Zhen Zhao,* 265 F.3d at 97.

Petitioner asserts that his recent marriage to a fellow Falun Gong practitioner and the fact that his wife is now pregnant with their second child is new and material evidence that warrants reopening of his removal proceedings. He argues that the BIA abused its discretion by failing to find that he has established prima facie eligibility for asylum, withholding, and CAT relief based on his and his wife's practice of Falun Gong, and by failing to find that he has established prima facie eligibility for asylum, withholding, and CAT relief based

on his and his wife's alleged violation of China's family planning policy.

■ Petitioner argues that his marriage to a Falun Gong practitioner makes it more likely that he will be persecuted if returned to China. Petitioner's arguments regarding his Falun Gong claim are largely a recitation of the arguments that were previously rejected by the BIA in the summary affirmance of the IJ's decision. The BIA correctly considered petitioner's marriage to a Falun Gong practitioner new evidence and then properly found that this fact, without additional supporting evidence and arguments, was not material.

■ Moreover, petitioner's assertion that the BIA made an error of law in not sufficiently considering *Chun Gao v. Gonzales,* 424 F.3d 122 (2d Cir.2005), is not properly the subject of a motion to reopen. However, a motion to reconsider "is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *In re Cerna,* 20 I. & N. Dec. 399, 402 n. 2 (BIA 1991) (internal quotation marks omitted); 8 C.F.R. § 1003.2(b)(1). Motions to reconsider must be submitted within days of the BIA's decision. 8 C.F.R. § 1003.2(b)(2). Petitioner filed his November 2005 motion to reopen over two months after the BIA's August 2005 decision. His argument pursuant to *Chun Gao v. Gonzales* should have been made in a motion to reconsider and it is now untimely.

■ Petitioner also offered evidence of his wife's second pregnancy as grounds for reopening proceedings, arguing that he and his wife would be subject to persecution as violators of China's family planning policy. Although the record contained country reports and news articles relative to persecution of the Falun Gong in China,

petitioner provided the BIA with little objective evidence of China's coercive family planning policies. The BIA noted that the "record indicates that [China's] family planning policies have become more relaxed and that they are enforced via fines." The BIA properly denied petitioner's motion to reopen because petitioner failed to supply documentary evidence of China's population control policies.

Finally, while the BIA engaged in impermissible speculation in holding that petitioner's fear of persecution is "somewhat reduced by the fact that his wife and child would not accompany him to China," the BIA's analysis is otherwise supported by substantial evidence. Therefore, "we can state with confidence that the same decision would be made on remand." *Xiao Ji Chen v. U.S. Dept. of Justice*, 434 F.3d 144, 162 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).